# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

DONNA ABILA,

        Plaintiff,

v.

        2:09-cv-01345-KJD-LRL

**O R D E R**

UNITED STATES OF AMERICA,

        Defendant.

Before the court is defendant's Motion to Strike Supplemental Expert Witness Testimony of Witness Terence Dinneen (#23). The court has considered the motion, plaintiff's Opposition (#24) and Errata (#30), and defendant's Reply (#26). Also before the court is plaintiff's Motion to Strike Defendant's Experts Taylor and Zimmer (#25), to which defendant filed an Opposition (#27) and Errata (#29), and plaintiff filed a Reply (#28).

Plaintiff filed this medical malpractice lawsuit on July 24, 2009. Pursuant to the court's May 12, 2010, Order (#13), plaintiff's expert disclosures were due by July 12, 2010, and defendant's rebuttal expert disclosures were due by August 12, 2010. The discovery cut-off date was October 12, 2010. Plaintiff designated Terence Dinneen as a Certified Rehabilitation Economist, Rehabilitation Counselor, and Earnings Analyst, and provided his expert's report on July 12, 2010. That report reflected an analysis of plaintiff's pre-injury earning capacity, past losses, and total future losses based on her employment history as a housekeeper at the VA Medical Center as of the date of her injury. On August 10, 2010, the court granted defendant's unopposed motion to extend its expert disclosure deadline to September 30, 2010, and the discovery deadline to December 1, 2010. Scheduling Order (#16). On October 5, 2010, defendant disclosed Robert Taylor's report, which rebuts Dinneen's vocationalist opinions. Defendant disclosed Paul Zimmer's report on October 12, 2010, to rebut Dinneen's economic

opinions. On November 8, 2010, plaintiff provided a rebuttal report from Dinneen addressing and rebutting Taylor's and Zimmer's reports. On November 19, 2010, plaintiff filed her 17th Supplemental Disclosure. Based on information in the supplemental disclosure, Dinneen re-interviewed plaintiff to prepare another report. Discovery closed on December 1, 2010. On December 7, 2010, plaintiff provided defendant with a Second Supplemental Report by Dinneen, dated December 1, 2010 ("December 1 report"), in which Dinneen evaluated plaintiff's alleged vocational losses as an ultrasound technician – a career path plaintiff intended to pursue. *See* Exh. 4 to Mot. (#23). On December 15, 2010, defendant filed its Motion to Strike (#23) the December 1 report as untimely under Rule 37(c). On December 23, 2010, plaintiff filed her Motion to Strike (#25) the untimely reports of Taylor and Zimmer. The joint pre-trial order was due February 1, 2011. A settlement conference was held on February 23, 2011. No trial date has yet been set.

**Discussion**

Under Rule 37(c)(1), "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." This is an either/or standard; non-disclosure must be either substantially justified or harmless to avoid being excluded under the Rule. *Galentine v. Holland America Line-Westours, Inc.*, 333 F. Supp. 2d 991, 993 (W.D. Wash. 2004) (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)) (other citation omitted). "The sanction is automatic and mandatory unless the sanctioned party can show that its violation . . . was either justified or harmless." *Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998); *see also Yeti by Molly*, 259 F.3d at 1107.

The duty to supplement or correct disclosures extends both to information included in an expert's report and to information given during the expert's deposition. Rule 26(e)(2). A party may not, however, use a supplemental report to disclose information that should have been disclosed in the initial expert report, thereby circumventing the requirement for a timely and complete expert witness report. 6 Moore's Federal Practice § 26.131. Rather, "[s]upplementation under the Rules means

correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998). Any additions or other changes with regard to information offered by an expert witness must be disclosed by the time the party's pretrial disclosures are due under Rule 26(a)(3); that is, at least 30 days before trial, unless otherwise directed by the court. *See Id.* Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(e) that is not properly disclosed.

**Defendant's Motion (#23)**

Defendant characterizes Dinneen's December 1 report as a "new" report, and therefore seeks an order striking it as untimely. The court disagrees that it is a new report. The court finds that it is merely a Rule 26(e) supplement to Dinneen's original report of July 12, 2010. As a supplement it is timely made. *See* Rule 26(a)(3). The supplement is based on information not available to Dinneen at the time of his initial report, *see Keener*, 181 F.R.D. at 640, and is pertinent to his analysis of plaintiff's alleged vocational losses. Dinneen scheduled a follow-up interview with plaintiff after receiving her 17th Supplemental Disclosure on November 19, 2010. The supplemental disclosure contained miscellaneous college documentation including financial aid applications, academic goal agreements, transcripts, and course listings – all disclosed to defendant. Defendant is therefore not prejudiced by Dinneen's December 1 supplemental report.

**Plaintiff's Motion (#25)**

Plaintiff moves to strike as untimely defendant's experts, Paul Zimmer and Robert Taylor. Defendant admits that it provided Zimmer's and Taylor's reports after the September 30, 2010 deadline to do so. Defense counsel represents, however, that on September 29, 2010, he telephoned plaintiff's counsel, who agreed to allow defendant to file Taylor's and Zimmer's reports a few days late without seeking another extension from the court. Counsel for defendant further recalls that on October 1, 2010, he was in Minneapolis for a telephonic deposition noticed by plaintiff's counsel, after which he thanked plaintiff's counsel for the courtesy and indicated he'd provide Taylor's report on October 5, 2010, and

3

Zimmer's report on October 11, 2010. Plaintiff's counsel represents that he doesn't recall these conversations, and that he did not agree to the extensions.

Whether or not counsel informally agreed to allow defendant to submit the reports after the deadline does not alter the outcome on the motion. Plaintiff is neither harmed nor prejudiced by the late filed reports. *See* Rule 37(c)(1). Rather, plaintiff received the reports within the discovery deadline, and her expert prepared a rebuttal to both of defendant's experts' reports, which she filed on November 8, 2010.

Accordingly, and for good cause shown,

IT IS ORDERED that defendant's Motion to Strike Supplemental Expert Witness Testimony of Witness Terence Dinneen (#23) is denied.

IT IS FURTHER ORDERED that plaintiff's Motion to Strike Defendant's Experts Taylor and Zimmer (#25) is denied.

DATED this 14th day of April, 2011.

   *(signature)*
_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**