# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DONNA ABILA,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 2:09-CV-01345-KJD-LRL

**ORDER**

    Before the Court is the Motion to Dismiss (#31) of Defendant United States of America (the "Government"). Plaintiff filed an Opposition (#33) and then a Supplement to her Opposition (#37) and Defendant filed a Reply (#40). Plaintiff then filed a Second Supplement to her Opposition (#44). Plaintiff also filed a Motion for leave to Amend (#36) and Defendant filed a Response (#41). Defendant also filed a Motion to Strike Plaintiff's Second Supplement (#46) to which Plaintiff filed a Response (#47) and to which Defendant filed a Reply (#48). The Court, having considered the motions, their responses, and replies, rules on these motions together herein.

I.  Background

    On June 2, 2005, Plaintiff was treated by a physician at the Mike O'Callaghan Federal Hospital on Nellis Air Force Base. Plaintiff alleges various injuries arising from the treatment she received. On May 9, 2006, Plaintiff submitted to the Government Form SF-95, claiming injury under the Federal Tort Claims Act 28 U.S.C. § 2674 (the "FTCA"). Over the next two and one-half years, Plaintiff and the Government worked to resolve the matter. Eventually the parties reached an impasse. On February 12, 2009 the Government denied Plaintiff's claim in writing. The denial letter stated that if Plaintiff was unsatisfied with the Government's response, she could "file suit in an

appropriate United States District Court not later than six months after the date of mailing this letter." (#33 Exh. 2). Plaintiff filed her Complaint on July 24, 2009.

At a June 15, 2010 deposition of the treating physician, counsel for both Plaintiff and Defendant became aware of the existence of a multi-page post-operative report created by the physician immediately after the procedure at issue. This report had not been produced in previous discovery. The Government immediately produced the report to Plaintiff and Plaintiff now contends that the report evidences previously unknown acts and omissions by the Government's agents.

II.  Analysis

The Government moves to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. Pro. 12(b)(1), arguing that since Plaintiff did not file her suit within three years of the date of her injury, her cause of action has expired under N.R.S. 41A.097(2). Plaintiff claims that the FTCA preempts N.R.S. 41A.097, that the statute of limitations was tolled by her filing of the SF-95, and that even if N.R.S. 41A.097 is not preempted, the Government's conduct in failing to disclose the post-operative report tolls the limitation period.

The issue in this case is whether Nevada's law requiring actions to be initiated against healthcare providers within three years from the date of the injury is preempted by the FTCA.

### A. Legal Standard For 12(b)(1) Motions

Dismissal for lack of subject matter jurisdiction is appropriate if the complaint, considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction. In re Dynamic Random Access Memory Antitrust Litigation, 546 F.3d 981, 985 (9th Cir 2008) (citing Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1990)). Rule 12(b)(1) attacks on jurisdiction can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint. See White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). Here, the Government's motion is a facial challenge hinging on whether or not Plaintiff's claim has been extinguished by operation of N.R.S. 41A.097(2).

B.  N.R.S. 41A.097(2)

The Nevada Revised Statute contains the following provision covering when actions must be initiated against health care providers:

> [A]n action for injury or death against a provider of health care may not be commenced more than 3 years after the date of injury or 1 year after the plaintiff discovers or through the use of reasonable diligence should have discovered the injury, whichever occurs first...

N.R.S. 41A.097(2).

Plaintiff was injured on June 2, 2005.  Plaintiff commenced her action on July 24, 2009. Plaintiff contends that, if this statute applies, it is tolled pursuant to subsection (3) which provides:

> This time limitation is tolled for any period during which the provider of health care has concealed any act, error or omission upon which the action is based and which is known or through the use of reasonable diligence should have been known to the provider of health care.

C.  Federal Tort Claims Act

The FTCA is a limited waiver by the Government of sovereign immunity for certain negligent acts or omissions of government employees.  28 U.S.C. § 1346(b)(1) confers jurisdiction upon district courts for certain tort claims against the Government where "a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 2674 provides that "the United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances."  The Government's "liability is determined under the law of the state where the act or omission occurred." Will v. United States, 60 F.3d 656, 659 (9th Cir. 1995)(citation omitted).

D.  FTCA Limitations Period

The FTCA has its own limitations period.  It provides that claimant may file an administrative complaint with the relevant agency within two years of the accrual of the cause of action.  28 U.S.C. § 2401(b). If the agency denies the administrative claim, the claimant has six months to file an action in district court. Id. If the agency fails to address the administrative claim

within six months, the claimant may consider the claim denied and file suit in the district court "at any time" thereafter. 28 U.S.C. § 2675(a).

On February 12, 2009 the Government denied Plaintiff's claim in writing.  The denial letter stated that if Plaintiff was unsatisfied with the Government's response, she could "file suit in an appropriate United States District Court not later than six months after the date of mailing this letter." (#33 Exh. 2).  Plaintiff filed her Complaint on July 24, 2009, about four months later.  It is undisputed that this is within the FTCA's limitations period.

### 1.  FTCA Preempts State Statutes of Limitations

Notwithstanding the FTCA's reliance on state law to determine if a cause of action exists, there can be no dispute that state statutes of limitation are preempted by the FTCA.  "It is the usual rule that when Congress has failed to provide a statute of limitations for a federal cause of action, a court 'borrows' or 'absorbs' the local time limitation most analogous to the case at hand." See Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 501 U.S. 350, 356, (1991)(internal citations omitted).  But since Congress expressly provided a statute of limitations for FTCA actions, state statutes of limitations are preempted.

The Ninth Circuit has unambiguously held that the FTCA's statute of limitations, 28 U.S.C. § 2401 preempts any "state period of limitation." Poindexter v. U.S., 647 F.2d 34, 36 (9th Cir. 1981) (Citing Kossick v. United States, 330 F.2d 933 (2d Cir. 1964); United States v. Westfall, 197 F.2d 765 (9th Cir. 1952); Young v. United States, 184 F.2d 587 (D.C.Cir.1950); Maryland ex rel. Burkhardt v. United States, 165 F.2d 869 (4th Cir. 1947)).  In Poindexter, the Ninth Circuit held that failure of two claimants to file within Arizona's one-year statute of limitations for suits against an employer did not preclude their suits against the Government under the FTCA.  The Government contends that Poindexter's holding does not apply to Nevada's three-year time limitation for actions against a healthcare provider because the portion of the statute at issue here is a statute of repose, not a statute of limitations.

### 2. Statutes of Repose

According to the Government, the FTCA's statute of limitations does not apply because the three-year limitation in N.R.S. 41A.097(2) is a statute of repose, not a statute of limitations. As such, according to the Government, it is a substantive right and is not preempted by the FTCA. The Government argues that, N.R.S. 41A.097(2) bars this suit because this Court only has jurisdiction under the FTCA where "a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." See 28 U.S.C. § 1346(b)(1).

A statute of repose differs from a statute of limitations in that a statute of repose destroys a plaintiff's right to pursue a cause of action, but a statute of limitations merely precludes a plaintiff from going to court to enforce his right. Underwood Cotton Co., Inc. v. Hyndai Merchant Marine (America), Inc., 288 F.3d 405, 408-09 (9th Cir. 2002)(statute of limitations bars suit because "plaintiff was not diligent enough," while statute of repose "is not concerned with the plaintiff's diligence; it is concerned with the defendant's peace."). Sometimes a statute of repose is defined as a substantive right, whereas a statute of limitations is considered procedural. Id. See also Fields v. Legacy Health System, 413 F.3d 943, 952, (9th Cir. 2005); Resolution Trust Corporation, 768 F.Supp. 283, 285 (D.Ariz. 1991)("A statute of limitations is procedural in nature while a statute of repose is substantive in that it defines a right rather than merely limits its enforcement.")

The Government cites a number of federal court cases which bar FTCA claims after the expiration of a state statute of repose. See e.g. Vega v. United States, 512 F.Supp.2d 853 (W.D.Tex. 2007); Manion v. United States, 2006 WL 2990381 (D.Or. Oct. 18, 2006); Simmons v. United States, 421 F.3d 1199 (11th Cir. 2005); West v. United States, 2010 WL 4781146 (S.D.Ill. 2010); Anderson v. United States, 2010 WL 1346409 (D.Md. 2010).

However, as Plaintiff correctly notes, none of the cases cited by the Government addresses the issue of whether the FTCA statute of limitations in 28 U.S.C. § 2401(b) actually preempts the state statute of repose. It is unclear from a reading of those opinions whether, the parties even raised the question of FTCA preemption of the state statute of repose.

3.  Preemption

The only two district court cases of which the Court is aware that address the issue where preemption was raised by the parties, come to the conclusion that the state statutes of repose are preempted by 28 U.S.C. § 2401(b).  In Zander v. United States, 2011 WL 345884 (D.Md. 2011) the court held that, for purposes of preemption, the fact that Maryland's statute of repose is substantive was "immaterial" because the strict construction of the FTCA allows a plaintiff to file an action in district court "at any time" from six months after notifying the agency of the claim until six months after the agency denies the claim.[1]  Id. at *4 (citing  Parker v. United States, 935 F.2d 176, 178 (9th Cir.1991)).  Similarly, in Jones v. U.S., the court held:

> Given the intent of the FTCA for claimants to first file their claims before the agency that would have the best information and based upon the statutory language allowing claimants' an indefinite period of time to file claims in federal court until a claim is denied, the Court concludes that the FTCA establishes the existence of a federal claim until an agency renders a ruling on the claim. A claimant's claim is extinguished only if the claimant fails to meet the deadlines in § 2401(b), and a state's statute of repose has no effect on the federal claim.

2011 WL 1565734 *9 (M.D.Tenn. 2011).

The district court cases addressing preemption comport with the holding in Poindexter.  Although Poindexter dealt with preemption of Arizona's statute of limitations, the Ninth Circuit expressly noted that "a court must look to state law for the purpose of defining the actionable wrong for which the United States shall be liable, but to federal law for *the limitations of time within which the action must be brought*."  Poindexter v. U.S., 647 F.2d at 36. (emphasis added).  While a statute of repose may be different than a statute of limitations, it certainly is a "limitation of time within which an action must be brought."  Indeed, the Nevada statute itself uses the term "time limitation" to describe the three-year period for purposes of tolling.  N.R.S. 41A.097(3).

---

[1] Anderson v. United States, 2010 WL 1346409 (D.Md. 2010), which is cited by the Government, applies Maryland's statute of repose to reach a different conclusion than Zander.  The Zander court explained its opposite holding by noting that the Anderson court was not presented with the question of whether the statute of limitations in the FTCA preempted Maryland's statute of repose.

6

The Government argues that, since suit against a private party would be barred by the statute, failure to apply the Nevada statute prevents the government from being held liable "in the same manner and to the same extent as a private individual under like circumstances," as required by 28 U.S.C. § 2674. This contention was raised by the Government in Poindexter and the court found the argument "unpersuasive" and noted that "[i]n enacting a federal statute of limitations, Congress decided to allow suits against the United States that might be barred against a private defendant by a shorter state limitations period, and to cut off suits that might be allowed against a private defendant by a longer state limitations period." Id. at 37. Here, the same reasoning applies.

Finally, the Government makes much of the distinction between the supposedly substantive nature of statutes of repose and the supposedly procedural nature of statutes of limitations. According to the Government, "[t]he FTCA is based on well-established Erie principles wherein state substantive law is adopted to federal procedure." (#40 at 9-10.) Nevada courts have not specifically held that N.R.S. 41A.097(2) is a statute of repose or that it creates a substantive right. But even if it had, the Supreme Court has noted that state court determinations of those distinctions are "immaterial" to federal courts and stated "[p]lainly enough, a statute that would completely bar recovery in a suit if brought in a [s]tate court bears on a [s]tate created right vitally and not merely formally or negligibly." Guaranty Trust Co. of N.Y. v. York, 326 U.S. 99 (1945) (holding that a state statute of limitations is substantive state law in diversity actions under the Eire doctrine). Even though a statute of limitations is substantive law under Eire principles, the Court in Poindexter held that Congress's intent was to allow FTCA suits otherwise barred by Arizona's statue of limitations. The Government's argument that the three-year limitation in N.R.S. 41A.097(2) bars this claim because it is substantive law is therefore unavailing.

In this case, the question of preemption has been properly presented by the parties. Federal law determines the limitations of time within which the action must be brought. Poindexter v. U.S., 647 F.2d at 37. This Court holds that Plaintiff's claim was timely under the applicable FTCA limitations periods since it was filed within six months of a final denial of its administrative claim by

7

the Government. This Court has jurisdiction to hear Plaintiff's claims pursuant to 28 U.S.C. § 1346(b)(1) and accordingly, the Government's motion is denied.

III. Motion for Leave to Amend

Plaintiff requested leave to amend to specifically allege acts, errors, and omissions which have come to light now that she has obtained the post-operative report. The Government's only argument against Plaintiff's request is that amendment would be futile because the action is barred by N.R.S. 41A.097(2).

Fed. R. Civ. Pro. 15 provides that leave to amend should be freely given and the Government's only argument to the contrary fails. Accordingly, Plaintiff's request to amend the complaint is granted.

III.  Motion to Strike

On May 16, 2011 Plaintiff filed a Second Supplement to Plaintiff's Opposition to Federal Defendant's 12(b)(1) Motion to Dismiss and Countermotion for Leave to Amend (#44). In addition to attaching a case for the court to consider, this motion provided several additional pages of analysis. This additional argument without leave from the Court was unwarranted pursuant to Local Rule 7-2. Accordingly, the Government's Motion to Strike (#46) is granted.

III.  Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (#31) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend (#36) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike (#46) is **GRANTED.**

DATED this 8th day of August 2011.

_____
Kent J. Dawson
United States District Judge