# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DONNA ABILA,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 2:09-CV-01345-KJD-VCF

**ORDER**

    Before the Court is the Government's Motion to Dismiss (#65) . Plaintiff has filed an opposition and countermotion for sanctions (##66, 68). The Government has filed a reply (#71) and Plaintiff has filed a response to the reply (#73).

<u>Background</u>

    On June 2, 2005, Plaintiff was treated by a physician at the Mike O'Callaghan Federal Hospital on Nellis Air Force Base. Plaintiff alleges serious injuries arising from the treatment she received. On May 9, 2006, Plaintiff submitted to the Government form SF-95, initiating an administrative claim as required by the Federal Tort Claims Act 28 U.S.C. § 2674 (the "FTCA").

Over the next two and one-half years, Plaintiff and the Government worked to resolve the matter. Eventually the parties reached an impasse. On February 12, 2009, almost four years after the injury and almost three years after Plaintiff filed her administrative claim, the Government finally denied Plaintiff's claim in writing. The denial letter stated that if Plaintiff was unsatisfied with the Government's response, she could "file suit in an appropriate United States District Court not later than six months after the date of mailing this letter." (#33 Exh. 2). Plaintiff filed her Complaint on July 24, 2009.

On February 17, 2011, the Government moved to dismiss the case for lack of subject matter jurisdiction, arguing that the action was barred because it was filed beyond the three-year limitations period in N.R.S. 41A.097(2). On August 8, 2011, the Court issued an Order (#49) denying the motion to dismiss and concluding that the FTCA preempted Nevada's limitations period. The Government now argues that the law on which the Court relied in its prior order has changed and that this action should be dismissed.

I. Discussion

    A. Legal Standard

The Government's motion is presented as a motion to dismiss for lack of subject matter jurisdiction. However, because it asserts the same grounds for dismissal as the prior motion, it is construed as a motion for reconsideration. A motion to reconsider must provide the court with valid grounds for reconsideration by: (1) showing some valid reason why the court should reconsider its prior decision, and (2) setting forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision. Frasure v. United States, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. IJ, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993).

B. N.R.S. 41A.097(2)

Nevada law includes the following provision addressing when actions must be initiated against health care providers:

> [A]n action for injury or death against a provider of health care may not be commenced more than 3 years after the date of injury or 1 year after the plaintiff discovers or through the use of reasonable diligence should have discovered the injury, whichever occurs first...

N.R.S. 41A.097(2).[1]

C. Previous Order

The Court determined in its prior Order that "the Ninth Circuit has unambiguously held that the FTCA's statute of limitations, 28 U.S.C. § 2401 preempts any 'state period of limitation.'" (Dkt #49) (citing Poindexter v. U.S., 647 F.2d 34, 36 (9th Cir. 1981)). The Order stated that:

> "a court must look to state law for the purpose of defining the actionable wrong for which the United States shall be liable, but to federal law for *the limitations of time within which the action must be brought*." Poindexter v. U.S., 647 F.2d at 36. (emphasis added). While a statute of repose may be different than a statute of limitations, it certainly is a "limitation of time within which an action must be brought."

(Dkt #49.) The Court ultimately held that the FTCA claim was timely. In coming to this conclusion, the Court noted that:

> Nevada courts have not specifically held that N.R.S. 41A.097(2) is a statute of repose or that it creates a substantive right. But even if it had, the Supreme Court has noted that state court determinations of those distinctions are "immaterial" to federal courts and stated "[p]lainly enough, a statute that would completely bar recovery in a suit if

---

[1] At a June 15, 2010 deposition of the treating physician, the parties became aware of the existence of a multi-page post-operative report created by the physician immediately after the procedure at issue. This report had not been produced in previous discovery. Plaintiff contends that, if this statute applies, it is tolled pursuant to N.R.S. 41A.097(3) which provides:

> This time limitation is tolled for any period during which the provider of health care has concealed any act, error or omission upon which the action is based and which is known or through the use of reasonable diligence should have been known to the provider of health care.

Because the Court affirms its previous determination that Nevada's limitations period does not bar the claim, it need not decide whether omission of the report tolled the limitations period.

> brought in a [s]tate court bears on a [s]tate created right vitally and not merely formally or negligibly." Guaranty Trust Co. of N.Y. v. York, 326 U.S. 99 (1945) (holding that a state statute of limitations is substantive state law in diversity actions under the Eire doctrine). Even though a statute of limitations is substantive law under Eire principles, the Court in Poindexter held that Congress's intent was to allow FTCA suits otherwise barred by Arizona's statue of limitations. The Government's argument that the three-year limitation in N.R.S. 41A.097(2) bars this claim because it is substantive law is therefore unavailing.

(Id.)

In the Order, the Court noted two district court cases that dealt with similar questions: Zander v. United States, 2011 WL 345884 (D.Md. 2011), and Jones v. U.S. 2011 WL 1565734 *9 (M.D.Tenn. 2011). In those cases, the plaintiffs timely filed administrative claims which were ultimately denied after the state limitations periods had expired. The district courts in those cases held that the FTCA preempted the state limitations periods. The Court examined these cases in its prior order because they "comport with the holding in Poindexter."

The Government now argues that the Fourth and Sixth Circuits have issued contrary opinions "thereby overruling the cases on which this Court relied." As previously indicated, the Court relied upon Ninth Circuit law in reaching its decision, not Zander and Jones. Further, the cases cited by the Government do not form a basis to set aside the prior Order.

### D. Huddleston

The Tennessee Supreme Court has held that the three-year limitations period for medical malpractice claims is a statute of repose. Mills v. Wong, 155 S.W.3d 916, 920 (Tenn. 2005). In Huddleston v. United States, 2012 WL 1816261 (6th Cir. 2012), the court stated that in the case before it, "applying Tennessee's statute of repose to FTCA plaintiffs does not run afoul of the Supremacy Clause." However, the Sixth Circuit expressly stated:

> We need not decide whether Huddleston could bring suit if he had filed his administrative claim with the VA within three years because Huddleston did not, in fact, file his claim with the VA until December 2009, two months after the statute of repose extinguished his claim.

Id.

4

The Government argues that Huddleston "effectively overrules Jones" because Jones states that a plaintiff's FTCA claim is extinguished "only if the claimant fails to meet the deadlines in [the FTCA's] § 2401(b), and a state's statute of repose has no effect on the federal claim." Jones, 2011 WL 1565734, at *9. The Government glosses over the very distinction between the cases that the Sixth Circuit itself made: in Jones, the FTCA administrative claim was timely filed; in Huddleston it was not.

Here, Plaintiff timely filed her administrative claim. The Court will not use Huddleston to bar Plaintiff's claim when the Sixth Circuit specifically declined to extend its opinion to these facts. Additionally, unlike the Tennessee statute at issue in both Huddleston and Jones, N.R.S. 41A.097(2) has not been held to be a statute of repose. Accordingly, Huddleston provides no basis for reconsideration of the Court's prior order.

E. Anderson

In Anderson v. U.S., the plaintiff timely filed her administrative claim, but after nearly four years in the administrative process, it was finally denied. 669 F.3d 161, (4 Cir. 2011). Plaintiff filed suit and the district court held that the claim was barred because Maryland's five-year limitations period was a statute of repose. The Fourth Circuit Court of Appeals certified to the Maryland Court of Appeals the question of whether a statute that provides a time frame for filing actions against health care providers is one of repose or limitations. The Fourth Circuit stated that

> the key inquiry in this case is whether Section 5-109(a)(1) is a substantive statute of repose or a procedural statute of limitations. If the former, then Anderson's claim may be barred, because allowing it to proceed would potentially impose liability on the government in a different manner and to a greater extent than on a private individual under like circumstances. If the latter, however, the FTCA's two-year statute of limitations preempts the state statute and Anderson's claim survives because it was properly presented within that period.

Id. at 164-65. (citations omitted).

The Government is correct that Fourth Circuit suggests that it would reject Zander's holding that the FTCA preempts a statute of repose. However, the Maryland Supreme Court ultimately determined that the five-year limitations period is not a statute of repose, which ensured the survival

5

of the claim. See Anderson v. United States, 2012 WL 2361489 (Maryland, 2012). The Government asks the Court to predict that Nevada's Supreme Court would come to the opposite conclusion, and then apply the hypothetical ruling contemplated by the Fourth Circuit.

This speculative argument does not warrant setting aside the Court's previous Order. The Court's prior Order relied upon Ninth Circuit precedent holding that courts should look to federal law in determining "the limitations of time within which the action must be brought." Poindexter v. U.S., 647 F.2d at 36. Anderson does not compel a different result.

F. Mamea

Mamea v. United States, a recent case from the District of Hawaii, illustrates the application of current Ninth Circuit law in this area.[2] In that case, the court noted that Hawaii law does not specify whether the six-year limitations period for medical malpractice claims is a statute of repose. However, the Mamea court determined that the distinction was not relevant because state limitations periods are preempted by the FTCA's limitations period in 28 U.S.C. § 2401(b). Mamea v. United States. 2011 WL 4371712, (D.Hawaii, 2011). The Mamea court examined Poindexter and concluded that "[t]he potential conflict between the time requirement for the filing of a civil action pursuant to [Hawaii's limitation period] and the time requirement for the filing of an administrative claim pursuant to§ 2401(b) indicates that Congress intended § 2401(b) to occupy the field of both statutes of limitations and statutes of repose." Id. at *10.[3]

Mamea's consistent holding further demonstrates that reconsideration of the Court's prior order is unwarranted.

III.  Countermotion for Sanctions

Plaintiff seeks sanctions in the amount of $10,000. According to Plaintiff, the Government "misrepresented and mischaracterized" Anderson and Huddleston and refused to withdraw its

---

[2] The United States has appealed the ruling in Maema. 9th Cir. Docket #: 11-17714.

[3] The Mamea court cited to this Court's prior Order and noted that the cases were factually distinguishable since, the plaintiff in Mamea did not file the administrative claim within the six-year limitations period.

motion after Plaintiff provided it with Mamea and the Maryland Supreme Court's decision on the question certified in <u>Anderson</u>. Nothing suggests an improper motive on the part of the Government and sanctions are unwarranted. Accordingly, the countermotion is denied.

IV. Conclusion

    Plaintiff timely filed her administrative claim. After nearly three years, when the claim was ultimately denied, the Government informed Plaintiff that she could file an FTCA case in district court within six months. Plaintiff filed this case within six months.

    The Fourth and Sixth Circuit cases cited by the Government are distinguishable and Nevada and Ninth Circuit law do not compel the Court to dismiss this action under these facts. Accordingly, **IT IS HEREBY ORDERED** that the Government's Motion to Dismiss (#65) is **DENIED**.

    **IT IS FURTHER ORDERED** that Plaintiff's Countermotion for Sanctions (#68) is **DENIED**.

    DATED this 3rd day of October 2012.

_____
Kent J. Dawson
United States District Judge