# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| DONNA ABILA, | 2:09-cv-01345-KJD-VCF |
| Plaintiff, | **ORDER** |
| vs. | [Motion to Re-Open Discovery (#76)] |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Before the Court is the Motion to Re-Open Discovery. (#76).

**Background:**

On July 24, 2009, Plaintiff filed her complaint against the United States under the Federal Tort Claims Act, asserting that at the health care facility known as the Mike O'Callaghan Federal Hospital run by the government, health care provider, Dr. Charla Quayle, mis-diagnosed and mistreated plaintiff. (#1). The alleged mis-diagnosis lead to an unnecessary laparoscopy turned laparotomy bilateral salpingo-opthorectomy, and other disabilities and disfigurements. *Id.* Plaintiff seeks damages of $15,000,000, costs and attorney's fees, and pre and post-judgments interest. *Id.*

Defendant filed its answer on October 8, 2009. (#6). The discovery plan and scheduling order was entered on November 10, 2009. (#8). The amended scheduling order was entered on March 12, 2010. (#10). The parties agreed to amend the discovery plan and scheduling order on May 10, 2010 (#12), and on August 9, 2010 (#15). The final amended discovery plan and scheduling order, set the end

of discovery on December 1, 2010, experts disclosures due on July 12, 2010, rebuttal expert disclosures due on September 30, 2010, dispositive motions due by January 1, 2011, and pretrial order due on February 1, 2011, or 30 days after decision on dispositive motions. (#16).

Defendant filed a motion to dismiss on February 17, 2011 (#31), for lack of jurisdiction, which the court denied on August 8, 2011. (#49). The court granted plaintiff's motion to amend the complaint on August 8, 2011 (#49), and plaintiff filed an amended complaint on September 8, 2011 (#50). Defendant filed an answer to the amended complaint on September 22, 2011. (#54).

On November 3, 2011, the parties met to discuss setting a discovery plan, but were unable to reach an agreement. On November 7, 2011, plaintiff filed a proposed discovery plan and scheduling order (#57). On the same day, defendant filed a proposed discovery plan and scheduling order. (#58). Plaintiff asserted in her proposed scheduling order (#57) that the parties had completed all written discovery and depositions, and that no additional discovery was needed. Defendant, however, wished to conduct additional discovery. (#58). The court set a hearing due to the discrepancies in the proposed plans. (#59). The court held a hearing on February 9, 2012 (#62), and issued a scheduling order on February 10, 2012 (#63), holding that since "documents relating to the life care plan have been disclosed after the discovery cut-off date, prior defense counsel never retained a life care expert, and delays occurred due to the amended complaint and the unsuccessful settlement efforts, the court will permit limited discovery." The court further held that the following discovery deadlines apply:

| | |
|---|---|
| February 16, 2012 | Plaintiff must provide defendant with any disability or tax records not already produced. |
| March 22, 2012 | Defendant shall designate its rebuttal life care expert, and any supplemental expert reports from either party are due. |
| April 23, 2012 | Defendant's rebuttal life care expert's report is due. |

| | | |
|---|---|---|
| | May 21, 2012 | Deadline to conduct the depositions of experts and the plaintiff, subject to the limitations discussed above. |
| | May 21, 2012 | End of discovery |
| | June 20, 2012 | Deadline to file dispositive motions. If no dispositive motions are filed, the Joint pretrial order is due. If dispositive motions are filed, the joint pretrial order is due thirty days after the court issues its rulings on the motions. |

On November 2, 2012, the defendant filed a notice to the court regarding Joint Pretrial Order (#75) stating that the plaintiff would be filing her motion to re-open discovery and the Joint Pretrial Order will not be filed. Plaintiff filed the instant motion to re-open discovery (#76) on the same day, asking this court to re-open discovery in light of "significant change in the medical treatment and future damages." Defendant filed an opposition (#77) on November 14, 2012, and plaintiff filed a reply (#78) on November 26, 2012. The court issued a minute order on December 20, 2012, scheduling a hearing for January 29, 2013. (#82).

**Plaintiff's Position:**

Plaintiff argues that re-opening discovery would permit the parties and their witnesses to "further explore, evaluate and otherwise obtain information and documentation on matters discovered during and subsequent to the most recent continued discovery period..." (#76). Plaintiff asserts that the parties ascertained newly discovered evidence during the extended discovery period that warrants additional discovery. *Id.* Plaintiff states that the parties learned during discovery that plaintiff is a "surgical candidate for a dorsal column stimulator implantation subsequent to a successful trial." *Id.* Plaintiff states that after she underwent the trial, she had a permanent implantation procedure on October 18, 2012. *Id.* Plaintiff asserts that defendant was made fully aware of the stimulator trial and that each of

the medical providers deposed by the parties during the extended discovery period were examined relative to the anticipated procedure and its costs. *Id.*

On May 23, 2012, defense counsel conducted the deposition of Joseph Schifini, M.D., who testified that the gold standard for treating plaintiff's medical condition is a spinal cord stimulator, and that a recent advancement has now made plaintiff a candidate who could benefit from treatment. *Id.* Dr. Schifini provided both counsel with an article on the new technology as well as an estimate as to costs. *Id.* On June 1, 2012, plaintiff served defendant with her 32nd disclosure, which included a statement from Dr. Schifini that "[s]ince there is new technology available from Medtronic regarding spinal cord stimulation, Ms. Abila is interested in pursuing spinal cord stimulator trial in the near future." (#76 Exhibit 5).

Plaintiff asserts that after the stimulator trial, she was referred to a spine surgeon, Thomas Vater, D.O., and that Dr. Vater's initial records of July 23, 2012, were produced on September 14, 2012, in her 35th supplement. *Id.* Dr. Vater ordered an evaluation by a physiatrist, which is customary, and plaintiff was cleared for surgery. *Id.* The physiatrist's report was produced in plaintiffs' 36th supplement to her disclosures. *Id.* Plaintiff asserts that "[o]nce the surgery was scheduled, Abila requested a report from Dr. Vater to detail the anticipated dates of surgery, follow-up, and recovery so that this information could be shared with the United States and this Court as soon as possible in order to substantiate that the surgery would, in fact, be undertaken and what the anticipated outcome of that surgery would be." *Id.*

Plaintiff states that "[a]ccording to Dr. Vater's report, Abila is to follow up 10-14 days after the surgery for reevaluation of the wound and suture removal," "[t]he stimulator would then be turned on two (2) weeks after the surgery," and that "Dr. Vater has noted that the effects of the stimulator should be notable at that time and that the affects of the surgery outcome should be ascertained two (2) weeks after surgery and thereafter." *Id.* Dr. Vator performed the permanent surgical implantation of a

Medtronic Dorsal column stimulator on October 18, 2012, and plaintiff will supplement the bills and records upon receipt. *Id.*

Plaintiff asserts that counsel for both Abila and the United States addressed the issue of the anticipated spinal cord stimulator trial and potential implantation at each of the following damages witness depositions.

Plaintiff asserts that both parties discussed the ongoing treatment as well as the anticipatory need to re-open discovery for that related purpose of asserting its affect on the alleged damages and the opinions of both side's experts. *Id.* Plaintiff states that the need for more discovery cannot come as a surprise, and in fact will have a positive impact on the litigation, as the surgery could conceivably decrease both the future general damages and potentially plaintiff's disability. *Id.*

Plaintiff anticipates the following discovery needs to be completed:

- Obtain and supplement ongoing medical treatment records and billing;
- Revise and supplement Life Care Plans in order to update the opinions and costs associated with the most up-to-date medical conditions, treatment and costs;
- Revise and supplement an updated present value calculation from the economic experts as to the revised cost of the Life Care Plans;
- The U.S. may wish to conduct the deposition of Thomas Vater, DO, the surgeon who performed the dorsal column stimulator implantation;
- The U.S. may wish to conduct an updated deposition of Abila as to the effects of the stimulator implantation; and
- Revise and supplement as appropriate other expert reports, such as medical experts and vocational experts as to the stimulator implantation and its effects.
- Any further discovery the Court and/or parties deem necessary.

5

1   Plaintiff argues that this is her first request to re-open discovery and good cause exists as demonstrated above. *Id.*

**Defendant's Position**

Defendant opposes the motion to re-open discovery (#76), and argues that plaintiff waited six-months before moving to re-open discovery, and that the unreasonable delays demonstrate a lack of diligence. (#77). Defendant argues that the court already extended discovery (upon its request) and stated in the hearing that "there's going to have to be a very, very long justification for these dates to get extended at all because, you know, this case needs to get on to trial." (#77 Exhibit A). Defendant asserts that the new technology does not qualify as newly discovered evidence and that plaintiff has not demonstrated "good cause" to re-open discovery. (#77).

Defendant states that "[a] scheduling order may be modified only upon a showing of good cause. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992); Fed. R. Civ. P. 16(b)(4). The scheduling order may be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* at 609. Although the existence of prejudice to the party opposing the modification might supply an additional basis to deny the motion to modify, the focus of the inquiry is on the moving party's reasons for seeking modification. *Id.* If the party seeking the modification was not diligent, "the inquiry should end" and the motion for modification should be denied." (#77).

Defendant states that the advancement came about for the first time in May of 2011, and that the innovation was approved on November 3, 2011. *Id.* Despite this, Dr. Schifini did not tell plaintiff until almost a year later, on May 3, 2012, and plaintiff waited six-months to seek to re-open discovery. *Id.* Defendant argues that plaintiff's lack of diligence warrants denying the motion, and that plaintiff did not even address the issue of diligence in her motion (#76). *Id.* Defendant also argues that plaintiff's lack of diligence has cause unreasonable delays which support denial of the motion (#76). *Id.*

1 Defendant asserts that plaintiff "merely speculates about what additional discovery might disclose," which is insufficient to re-open discovery. *Id.* Defendant states that plaintiff's motion "makes it clear that her justification for re-opening discovery is merely speculative; she does not know what evidence, if any, additional discovery would reveal," and that "[u]nder the circumstances, there is no basis for re-opening discovery. See *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 294 (1968) (finding no error in denying further discovery when the "petitioner has [offered] only speculation as to what discovery *** would reveal . . . ."); *Schumer v. Hughes*, 63 F.3d 1512, 1526 (9th Cir. 1995) (denying motion to re-open discovery where plaintiff could "only speculate[] as to what evidence, if any, further discovery would produce.")." *Id.*

Plaintiff argues that defendant was granted an extension of discovery, and that throughout that discovery, the supplemental reports and depositions all covered the prognosis and future medical care of plaintiff. (#78). Plaintiff asserts that there will be a "severe effect of not considering the recent medical treatment and costs," and that if discovery is not re-opened, the medical witnesses, life care planners, and economists will be "left testifying about old, out-of-date, irrelevant information." *Id.* Plaintiff states that she was diligent, and that she needed to determine whether the new technology w[ould] actually work and whether the device should be implanted" in her before seeking an extension. *Id.* Plaintiff argues that she waited until the implant was in fact scheduled to seek to re-opening of discovery. *Id.*

Plaintiff was diligent, and underwent the following: "Trial of the new stimulator on June 27, 2012, with encouraging results. (Ex. 9) Dr. Schifini saw her for follow up on July 2, 2012, and referred her to a surgeon, Dr. Vater, to perform the permanent implantation. (Ex. 10) Abila saw Dr. Vater on July 23,2012. (Ex. 11) Dr. Schifini saw her on July 31 and August 30, 2012. Abila then saw her vascular surgeon, Dr. Hirschfeld, on September 7, 2012, who gave her vascular clearance for the surgery. (Ex. 12) Abila had to next undergo a psychological clearance with Dr. Roitman on September 12, 2012. He

cleared her for surgery. (Ex. 13) Prior to the surgery, Dr. Vater wrote a letter dated October 8, 2012, noting the surgery date and the anticipated outcome. (ECF No. 76 Ex 7.) Dr. Vater performed the implantation on October 18, 2012. (Ex. 14) Abila filed her Motion to Re-Open on November 2, 2012." *Id.*

Plaintiff asserts that "[a] critical issue in this case is future damages," and that "[o]ngoing future treatment and its costs are but the tip of the iceberg." *Id.* Plaintiff argues that her experts have opined that she is permanently and totally disabled and that she will have life-long pain, weakness and a compromised vascular system, and conducting discovery regarding the "outcome of the stimulator implanation is critical in determining its effects on future damages." *Id.* If discovery is re-opened, plaintiff asserts, she will "be able to provide updated medical records and expert reports as to surgical outcome, prognosis, medical expenses, disability and loss of earnings and earnings capacity." *Id.*

**Discussion:**

Defendant previously sought to extend discovery due to plaintiff filing an amended complaint, and stated that it needed additional time to provide a supplemental report based on the amended complaint and to conduct additional discovery related to the "newly discovered evidence." (#58). The court permitted limited discovery, and held that "justice would not be served if only the plaintiff presented testimony from a life care expert, and the defendant was not afforded the same opportunity," but limited the discovery topics to newly acquired information and recently produced documents. (#63).

The parties have been aware of the possibility of surgery and addressed the issue during depositions, as demonstrated by plaintiff. Given the likelihood of plaintiff's physical condition changing as a result of the surgery, it would be in the interest of justice to allow supplemental reports that take into account the effect the surgery has had on the plaintiff's disability. Completely re-opening discovery is not necessary. It would not be just, however, for the parties to go to trial without considering the surgical procedure plaintiff has in fact undergone.

IT IS HEREBY ORDERED   that Plaintiff's Motion to Re-Open Discovery (#76) is GRANTED.

IT IS FURTHER ORDERED that discovery is reopened and limited to following conditions:

| | |
|---|---|
| February 15, 2013 | Plaintiff must provide defendant with all surgical implantation records, bills and follow up visits incurred at that time. |
| February 15, 2013 | Plaintiff must provide defendant with an updated Life Care Plan and its Present Value calculation. |
| June 14, 2013 | Defendant's expert supplemental or new rebuttal reports to the surgical implantation, updated Life Care Plan and Present Value calculation are due. |
| July 26, 2013 | Deadline to conduct the depositions of experts who have updated their opinions and the plaintiff, subject to the limitations discussed above. |
| July 26, 2013 | End of discovery |
| August 23, 2013 | Dispositive motions or the joint pretrial order is due. If dispositive motions are filed, the joint pretrial order is due thirty days after the court issues its rulings on motions. |

DATED this 5th day of February, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE